IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUZERNE COUNTY,

    Petitioner,

    v.

D.A. NOLT, INC.,

    Respondent.

CIVIL ACTION NO. 3:14-cv-00831

(JUDGE CAPUTO)

## **MEMORANDUM**

    Before the Court is a Petition to Stay Arbitration pursuant to 42 Pa. C.S.A. § 7304 filed by Petitioner Luzerne County ("County") (Doc. 7).  The County wants arbitration to be stayed because the Court, instead of the arbitrator, must determine if the parties agreed to submit the underlying dispute to arbitration.  Respondent D.A. Nolt, Inc. ("Nolt") asserts that the Petition should be denied because the arbitrator–not the Court–has the power to determine if the Court or the arbitrator should decide whether the underlying dispute is arbitrable.

    The instant action arises from a dispute over delay costs stemming from a construction contract.  The County hired Nolt as the Contractor on a construction project.  Nolt initiated arbitration to recover damages arising from alleged delay costs.  Arbitration is being held in abeyance by the parties' agreement.

    Luzerne County argues that Nolt waived its claim by accepting final payment, and asserts that the Court, rather than an arbitrator, has the primary power to decide whether Nolt waived its claims.  Nolt asserts that the arbitrator has the power to make this decision.  At issue presently is whether an arbitrator has the primary power to decide if Nolt's claim is arbitrable, or if the Court has that power.  Because there is clear and unmistakable evidence that the parties intended to submit nearly all disputes to an arbitrator, and the question of arbitrability is not listed as an exception to arbitration in their contract, the arbitrator has the primary power to address the question of arbitrability, and the County's petition for a stay of arbitration will be denied.

## I. Background

**A. Relevant Factual Background**

Luzerne County and D.A. Nolt, Inc. entered into a contract on or about July 15, 2010, for Nolt to serve as the Contractor on the exterior restoration of the Luzerne County Courthouse in Wilkes-Barre, Pennsylvania, which the County owns. (*Contract*, Doc. 7-3, 2-13.) This contract was in the form of the American Institute of Architect's (AIA) Standard Form of Agreement Between Owner and Contractor, 1987 edition, AIA Document A101 ("A101"). (*Id.* at 2-13.) Incorporated into the contract was the 1987 edition of the "General Conditions of the Contract for Construction," AIA Document A201 ("A201"). (*Id. at* 15-40.)

Construction began as planned in September 2010. (Doc. 1, 25.) October 1, 2011 was set as the date of substantial completion. (*Id.*) However, delays and changes to the project arose throughout the building process. (Doc. 7-3, 46.) On October 31, 2011, the parties agreed to Change Order No. 5, extending the completion date to June 30, 2012. (Doc. 1, 26.) On June 21, 2012, Nolt wrote to the County and requested another extension, to November 30, 2012. (Doc. 7-3, 46.)

The parties agree that Nolt averred that the work was "substantially complete" by November 30, 2012. (Doc. 1, 10.) On February 11, 2013, Nolt submitted its final Application for Payment. (*Id.*) In response, the County notified Nolt that it would not make the payment until Nolt provided the County with all warranties required by the contract. (*Id.*) In June 2013, the County received the last of these warranties, and issued payment to Nolt by check for the full amount of Nolt's February Application for Payment. (Doc. 1, 31-6.) Nolt alleges that it is still owed $1,589,503.27 as a result of project delays. (Doc. 1, 10.)

**B. Procedural History**

Following an unsuccessful mediation on January 30, 2014, Nolt filed a demand for arbitration with the American Arbitration Association (AAA) on March 14, 2014. (Doc. 1, 9.) Shortly after, the County informed Nolt and the AAA that they believed that Nolt had waived its claim by accepting final payment. (*Id.* at 11.) On March 28, the parties agreed to hold the arbitration in abeyance provided that the County file a petition to stay the arbitration.

Luzerne County filed present Petition for a Stay of Arbitration on March 31, 2014, in Luzerne County Court of Common Pleas. Nolt filed a Notice of Removal to this Court on April 29, 2014. The motion is fully briefed and ripe for disposition.

## II. Legal Standard

The question before me is not whether Nolt waived its claim for damages; nor whether the issue of waiver should be arbitrated; but instead, *who* decides whether the issue of waiver should be arbitrated.

Whether the court or an arbitrator has primary power to decide who determines arbitrability depends on whether the parties initially agreed to submit that question to arbitration. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938 (1995) ("the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter. Did the parties agree to submit the arbitrability question itself to arbitration?").[1] An arbitrator has the power decide whether a claim is arbitrable only if the parties agreed to submit such a question to an arbitrator. If they did agree to submit such a question to an arbitrator, it *must* be determined by the arbitrator.

In determining whether the parties have agreed that an arbitrator, rather than a court, should determine arbitrability, the Supreme Court has said: "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *First Options of Chicago*, 514 U.S. at 944 (quoting *AT & T Technologies*, 475 U.S. 643, 649). Thus, when *who* determines whether a claim is arbitrable is at issue, the court will so decide, unless there is clear and unmistakable evidence that the parties intended for the arbitrator to decide. The present

---

[1] Federal precedent largely governs this analysis, as the "Federal Arbitration Act 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate.' 9 U.S.C. § 1 *et seq.* . . . The FAA applies broadly to cover any 'written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction.' 9 U.S.C.A. § 2. *Hempfield Area Sch. Dist. v. Independence Excavating, Inc.,* 08CV1204, 2008 WL 4692343 (W.D. Pa. Oct. 21, 2008) (citing *John Hancock Mutual Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir.1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S.1983)) (internal citations omitted).

dispute between the County and Nolt is governed by this standard.

Under the Pennsylvania law alleged by petitioner, 42 Pa. C.S.A. § 7304(b), there must be a "substantial and bona fide dispute" as to whether there was an agreement to arbitrate in order for a court to make a finding on the issue.

### III. Discussion

In this case, the arbitrator, rather than the Court, has the primary power to determine whether the underlying claim should be arbitrated.  There is clear and unmistakable evidence that the parties intended to submit questions of arbitrability to the arbitrator, and there is no "substantial and bonafide dispute," as required by 42 Pa. C.S.A. § 7304(b).

The contract that both parties signed to formalize their agreement provides this clear and unmistakable evidence.  This contract, in the form of AIA Document A101: Standard Form of Agreement Between Owner and Contractor ("A101"), incorporated AIA Document A201: General Conditions of the Contract for Construction ("A201"). (*Contract*, Doc. 7-3, 2-13, 15-40.)

The parties deviated from the standard A101 provision with respect to arbitration in A201, where they provided that parties would seek mediation first to resolve any conflicts.  (Doc. 7-3, 6.)  This modification only affects the issue at hand insofar as it demonstrates that the parties chose to alter the General Conditions in some instances, but did not with respect to the question of who would determine questions of arbitrability.

In section 4.5.1, A201 clearly states that "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration. . . . except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5. . . .".  (Doc. 7-3, 26.)  Under this clause, it is clear and unmistakable that any conflict arising from this contract would go to arbitration, unless it fell under an exception listed in Section 4.3.5, or elsewhere in the contract.

Luzerne County argues that there is ambiguity as to whether the parties have agreed to arbitrate the underlying dispute (because it may have been waived), and so

this court should decide whether the claim is arbitrable. However, I find whether the parties agreed to arbitrate the underlying dispute is for the arbitrator to decide. At issue before me is not the underlying dispute as to whether there was a waiver of claims, and not whether the parties agreed to arbitrate this dispute, but rather, *who* decides whether the parties agreed to arbitrate this dispute.

The arbitrator has the power to make this decision, not the Court. The question of *who* decides arbitrability does not fall under any exception listed in the contract, and clearly and unmistakably counts as "Any controversy or Claim arising out of or related to the Contract, or breach thereof." (*Id.* at 26.) Thus, it is the arbitrator who must determine who decides arbitrability, and I cannot exercise jurisdiction over this question.[2]

### IV. Conclusion

For the above stated reasons, Luzerne County's motion for a stay of arbitration will be denied.

An appropriate order follows.

September 5, 2014                                                /s/ A. Richard Caputo

Date                                                                  A. Richard Caputo
                                                                             United States District Judge

---

[2] While the arbitrator here has the "primary" power to decide if the court or the arbitrator will decide if the underlying claim is arbitrable, petitioner may bring this decision to a court for review. A court, however, will review the decision with deference to the arbitrator, and will only set aside the decision in unusual circumstances (as in any appeal of an arbitrator's decision). *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995).